# Tab 3

*CHS 2601220*
*SHACEY GROUP*
*CHAS DOWDY*

# NATIONAL REGISTERED AGENTS, INC.
## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: MARK WELSH
THE CINCINNATI LIFE INSURANCE COMPANY
6200 S Gilmore Rd
Fairfield, OH 45014-5141

SOP Transmittal # 529346982

214-932-3601 - Telephone

Entity Served: THE CINCINNATI INSURANCE COMPANY (Domestic State: OHIO)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of TEXAS on this 16 day of June, 2016. The following is a summary of the document(s) received:

1. **Title of Action:** SHACEY GROUP, LP, Pltf. vs. THE CINCINNATI INSURANCE COMPANY and Joel Shane Hudson, Dfts.

2. **Document(s) Served:** Other: Citation, Original Petition

3. **Court of Jurisdiction/Case Number:** 16th Judicial Denton County District Court, TX
   Case # 160458316

4. **Amount Claimed, if any:** N/A

**RECEIVED**
**JUN 21 2016**
**D. STETZ**

5. **Method of Service:**

   _X_ Personally served by:  _X_ Process Server  ___ Law Enforcement  ___ Deputy Sheriff  ___ U.S Marshall
   ___ Delivered Via:  ___ Certified Mail  ___ Regular Mail  ___ Facsimile
   ___ Other (Explain):

6. **Date and Time of Receipt:** 06/16/2016 03:00:00 PM CST

7. **Appearance/Answer Date:** By 10:00 a.m. on the Monday next following the expiration of 20 days after service

8. **Received From:** Jeffrey L. Raizner
   Raizner Slania LLP
   2402 Dunlavy Street
   Houston, TX 77006
   713-554-9099

9. **Federal Express Airbill #** 783380963857

10. **Call Made to:** Not required

11. **Special Comments:**
SOP Papers with Transmittal, via Fed Ex 2 Day

NATIONAL REGISTERED AGENTS, INC.

CopiesTo:

**RECEIVED**
**JUN 21 2016**
**REGULATORY AND CONSUMER RELATIONS**

Transmitted by  Mara Velasco

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

| CITATION –TRC 99 and 106 | DELIVERED THIS ___ DAY OF ___ BY ___ |
|---|---|

THE STATE OF TEXAS  COUNTY OF DENTON PROFESSIONAL CIVIL PROCESS

**CAUSE NO. 16-04583-16**

**TO: The Cincinnati Insurance Company, by serving National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136 (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

| Court: | 16th Judicial District Court<br>1450 E. McKinney, 3rd Floor, Denton, TX 76209 |
|---|---|
| Cause No.: | 16-04583-16 |
| Date of Filing: | June 13, 2016 |
| Document: | Plaintiff's Original Petition & Jury Demand |
| Parties in Suit: | Shacey Group, LP; The Cincinnati Insurance Company; Joel Shane Hudson |
| Clerk: | Sherri Adelstein, District Clerk<br>1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or Party's Attorney: | Andrew P. Slania<br>2402 Dunlavy Street, Houston, Texas 77006 |

Issued under my hand and seal of this said court on this the 14th day of June, 2016.

Sherri Adelstein, District Clerk
Denton, Denton County, Texas

_____, Deputy
Cameron Welter

---

**Service Return**

Came to hand on the _____ day of _____, 20___, at _____ m., and executed on the _____ day of _____, 20___, at _____ M by delivering to the within named _____ in person a true copy of this citation, with attached copy(ies) of the Plaintiff's Original Petition & Jury Demand at _____

Service Fee: $ _____                                    _____ Sheriff/Constable
                                                              _____ County, Texas

Service ID No. _____                                    Deputy/Authorized Person

**VERIFICATION**

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Denton County Courts to serve process.

Subscribed and sworn to before me on this the _____ day of _____, 20___
_____ Notary Public

FILED: 6/13/2016 2:00:56 PM
SHERRI ADELSTEIN
Denton County District Clerk
By: Kelly Smith, Deputy

Cause No. 16-04583-16 _____

| | | |
|---|---|---|
| SHACEY GROUP, LP | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| V. | § | DENTON COUNTY, TEXAS |
| | § | |
| THE CINCINNATI INSURANCE | § | |
| COMPANY and JOEL SHANE HUDSON | § | |
| *Defendants* | § | ___ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION & JURY DEMAND

Plaintiff SHACEY GROUP, L.P. ("Shacey" or "Plaintiff") by and through its attorneys, files this Original Petition & Jury Demand against Defendants THE CINCINNATI INSURANCE COMPANY ("Cincinnati") and JOEL SHANE HUDSON ("Hudson") (collectively "Defendants") and would respectfully show the following:

### Discovery Control Plan

1.1   Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.

### Parties

2.1   Plaintiff SHACEY GROUP, L.P. is a domestic limited partnership.

2.2   Upon information and belief, Defendant Cincinnati is a foreign fire and casualty insurance company regularly engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit. Cincinnati regularly and systematically issues insurance policies in the State of Texas and may be served by

1

mailing certified mail, return receipt requested to **National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**.

2.3   Upon information and belief, Joel Shane Hudson is an individual living and residing in the State of Texas and may be served with process at **Joel Shane Hudson, 2003 Lavaca Trail, Carrollton, Texas 75010**.

### Venue & Jurisdiction

3.1   Venue is proper in Denton County under Tex. Civ. Prac. & Rem. Code Section 15.002(a)(1), as all or a substantial part of the events or omissions giving rise to this claim occurred in Denton County, Texas. In particular, the adjustment of the claim by Defendants for losses under the Cincinnati policy (including payments to be made to Shacey under the policy) were conducted in Denton County, Texas. Further, investigation, including communications to and from Defendants and Shacey (including telephone calls, mailings, and other communications to Shacey) and communications between Defendants regarding the claim occurred in Denton County, Texas. Additionally, adjustment of the claim by Defendant Hudson under the Cincinnati policy was conducted in Denton County, Texas.

3.2   Venue is proper in Denton County under Tex. Civ. Prac. & Rem. Code section 15.002(a)(2), as Defendant Hudson resides in Denton County, Texas.

3.3   Shacey seeks damages within the jurisdictional limits of this Court. Shacey trusts the jury to evaluate the evidence, but at this time, Shacey seeks monetary

relief in an amount over $1,000,000. Shacey reserves the right to modify the amount and type of relief sought in the future.

### General Allegations

4.1   On or before May 7, 2015, Cincinnati marketed and sold a commercial insurance policy bearing Policy No. ENP0128481 to Shacey whereby Cincinnati would provide property insurance for the commercial property located at 7800 Skyline Park Drive, White Settlement, TX 76108-2516 (the "Property") in exchange for the timely payment of premiums (the "Policy").  The Policy was sold by Cincinnati to Plaintiff as the insured under the Policy and provides coverage for the Property resulting from a hail storm.

4.2   On or about May 7, 2015, Plaintiff's property was substantially damaged by the severe hail that struck the area. As a result, the roof, HVAC, exteriors, and interiors of the Property were substantially damaged.  After discovering the hail damage, Plaintiff filed an insurance claim under the Policy with Cincinnati for damages to the Property caused by the hail.  Plaintiff asked that the cost of repairs be covered pursuant to the Policy.

4.3   Cincinnati is the insurer on the Property. In response to the claim, Cincinnati assigned representatives, adjusters, consultants, and agents to Plaintiff's file that were inadequate and improperly trained. Specifically, Cincinnati assigned Plaintiff's claim to a Claims Specialist, Joel Shane Hudson, as the local claims representative charged with assessing damages under the Policy. Mr. Hudson was improperly trained and not equipped to handle this type of claim.

4.4     Mr. Hudson failed to perform a thorough investigation of the claim. On February 4, 2016, Mr. Hudson inspected of the Property with individuals from Roof Technical Services, Inc. Mr. Hudson did not prepare his own estimates or scopes of damages to the Property or failed to provide those to the insured. Instead, Mr. Hudson retained Roof Technical Services, Inc., a preferred vendor, to visit the Property who was not qualified to evaluate this type of loss at this type of property. Mr. Hudson refused to retain appropriate consultants to evaluate the claim. Cincinnati relied exclusively on Mr. Hudson's substandard investigation in determining what amounts, if any, to pay on Plaintiff's claim and failed to perform its own investigation. As a result of Mr. Hudson's haphazard inspection, misrepresentations, and inadequate investigation, on March 25, 2016, Cincinnati denied Plaintiff's claim entirely. Cincinnati and Mr. Hudson performed an inadequate, incomplete and unreasonable investigation of Plaintiff's claim, which is evidenced by the lack of estimates and reports for the necessary repairs for the Property.

4.5     Throughout the claims process, Mr. Hudson was the main point of contact on Cincinnati's behalf yet he continually delayed the claims process and refused to provide answers to the insured and its representative. Cincinnati and Mr. Hudson performed an inadequate, incomplete and unreasonable investigation of Plaintiff's claim, which is evidenced by the failed inspections, the lack of estimates, and the preferred vendor's report which fails to account for damages and necessary repairs for the Property.

4.6     Cincinnati and Mr. Hudson wrongfully denied Plaintiff's claim for property repairs. Cincinnati and Mr. Hudson represented to Plaintiff that certain damages were related to age, even though there was evidence of damage due to hail. As a result, Plaintiff has not been paid under the Policy provided by Cincinnati since the hail storm. To this day, Cincinnati refuses to pay for the necessary repairs to the Property as required under the Policy.

4.7     As a result of Defendants' acts and/or omissions, Plaintiff was required to retain an attorney to prosecute its claim for insurance benefits.

4.8     Unfortunately, Defendants have delayed payment for Plaintiff's necessary and covered property repairs under the insurance policy that Cincinnati wrote. Given the repeated delays of payment, Plaintiff has been subjected to significant economic impact, worry, distress, and continuing economic and physical damage. Because of Defendants' delays, denials, and nonpayment, Plaintiff has been unable to make necessary repairs to the Property which has resulted in further damages to the Property, including additional interior and roof damage, among others. In addition, Plaintiff has suffered financial harm and damage as a result of Defendants' denials and repeated delays. The significant effect of Defendants' wrongful and unjustified delays, however, is still uncompensated.

### FIRST CAUSE OF ACTION—Violations of Texas Insurance Code

5.1     Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-4.7 of this Petition as if fully set forth herein.

5.2     Cincinnati and Mr. Hudson failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060 (a)(2)(A).

5.3     Cincinnati and Mr. Hudson failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

5.4     Cincinnati and Mr. Hudson failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim, in violation of Texas Insurance Code Section 541.060 (a)(3).

5.5     Cincinnati and Mr. Hudson refused to pay a claim without conducting a reasonable investigation with respect to the claim, in violation of Texas Insurance Code Section 541.060 (a)(7).

5.6     Cincinnati and Mr. Hudson misrepresented the insurance policy under which it affords Property coverage to Plaintiff, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1). Cincinnati and Mr. Hudson misrepresented the insurance policy to Plaintiff, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1).

5.7     Cincinnati and Mr. Hudson misrepresented the insurance policy under which it affords Property coverage to Plaintiff, by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2). Cincinnati and Mr. Hudson misrepresented the insurance policy to Plaintiff by failing to state a material fact that is necessary to make

other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2).

5.8  Cincinnati and Mr. Hudson misrepresented the insurance policy under which it affords Property coverage to Plaintiff, by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1). Cincinnati and Mr. Hudson misrepresented the insurance policy to Plaintiff by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1).

5.9  Cincinnati and Mr. Hudson knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code Section 541.002 (1).

### SECOND CAUSE OF ACTION---Prompt Payment of Claim

6.1  Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-5.9 of this Petition as if fully set forth herein.

6.2  Cincinnati and Mr. Hudson failed to acknowledge receipt of the claim in violation of Texas Insurance Code Section 542.055 (a)(1).

6.3  Cincinnati and Mr. Hudson failed to timely commence investigation of the claim or to request from Plaintiff any additional items, statements or forms that

Cincinnati and Mr. Hudson reasonably believe to be required from Plaintiff in violation of Texas Insurance Code Section 542.055 (a)(2)-(3).

6.4  Cincinnati and Mr. Hudson failed to notify Plaintiff in writing of the acceptance or rejection of the claim not later than the 15th business day after receipt of all items, statements and forms required by Cincinnati and Mr. Hudson in violation of Texas Insurance Code Section 542.056(a).

6.5  Cincinnati and Mr. Hudson delayed payment of Plaintiff's claim in violation of Texas Insurance Code Section 542.058(a).

## THIRD CAUSE OF ACTION---Statutory Interest

7.1  Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-6.5 of the Petition as if fully set forth herein.

7.2  Plaintiff makes a claim for penalties of 18% statutory interest on the amount of the claims along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code Section 542.060.

## FOURTH CAUSE OF ACTION---Breach of Contract

8.1  Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-7.2 of the Petition as if fully set forth herein.

8.2  Cincinnati breached its contracts with Plaintiff. As a result of Cincinnati's breaches, Plaintiff suffered legal damages.

## FIFTH CAUSE OF ACTION---Breach of duty of good faith & fair dealing

9.1  Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-8.2 of the Petition as if fully set forth herein.

9.2    Cincinnati, as the property coverage insurer, had a duty to deal fairly and in good faith with Plaintiff in the processing of the claim. Cincinnati breached this duty by refusing to properly investigate and effectively denying insurance benefits. Cincinnati knew or should have known that there was no reasonable basis for denying or delaying the required benefits. As a result of Cincinnati's breach of these legal duties, Plaintiff suffered legal damages.

### SIXTH CAUSE OF ACTION---Punitive Damages for Bad Faith

10.1    Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-9.2 of this Petition as if fully set for herein.

10.2    Cincinnati and Mr. Hudson fraudulently and with malice (as that term is legally defined) denied Plaintiff's claim for benefits. Further, Cincinnati and Mr. Hudson had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff.

### SEVENTH CAUSE OF ACTION---Violations of Texas DTPA

11.1    Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-10.2 of this Complaint as if fully set forth herein.

11.2    The Deceptive Trade Practices-Consumer Protection Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices. Defendants' violations of the Texas Insurance Code create a cause of action under the DTPA. Defendants' violations of the Texas Insurance Code, as set forth herein, specifically violate the DTPA as well.

## KNOWLEDGE

13.1 Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages.

## RESULTING LEGAL DAMAGES

14.1 Plaintiff is entitled to the actual damages resulting from the Defendants' violations of the law. These damages include the consequential damages to its economic welfare from the wrongful denial and delay of benefits; the mental anguish and physical suffering resulting from this wrongful denial of benefits, and continued impact on Plaintiff; lost credit reputation; and the other actual damages permitted by law. In addition, Plaintiff is entitled to exemplary damages.

14.2 As a result of Defendants' acts and/or omissions, Plaintiff has sustained damages in excess of the minimum jurisdictional limits of this Court.

14.3 Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

14.4 Defendants' knowing violations of the Texas Insurance Code and DTPA entitle Plaintiff to the attorneys' fees, treble damages, and other penalties provided by law.

14.5 Plaintiff is entitled to statutory interest on the amount of its claim at the rate of 18% per year as damages under the Texas Insurance Code §542.060(a).

14.6 Plaintiff is entitled to the recovery of attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §38.001, the Texas Insurance Code §542.060(a)-(b), the Tex. Bus & Commerce Code §17.50 and Tex. Civ. Prac. & Rem. Code §37.009.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Plaintiff have judgment against Defendants for actual damages in excess of the minimum jurisdictional limits of this Court, pre- and post-judgment interest as allowed by law, costs of suit, and all other relief, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

RAIZNER SLANIA LLP

_____
JEFFREY L. RAIZNER
State Bar No. 00784806
ANDREW P. SLANIA
State Bar No. 24056338
AMY BAILEY HARGIS
State Bar No. 24078630
2402 Dunlavy Street
Houston, Texas 77006
Phone: 713.554.9099
Fax: 713.554.9098
Email: efile@raiznerlaw.com

**ATTORNEYS FOR PLAINTIFF**

## JURY DEMAND

*Plaintiff hereby demands a trial by jury, a right enshrined in the Constitution of the United States of America and the State of Texas and preserved by the sacrifices of many. The necessary jury fee has been paid.*

_____
JEFFREY L. RAIZNER

CAUSE NO. 16-04583-16

| | | |
|---|---|---|
| SHACEY GROUP, LP | § | IN THE DISTRICT COURT OF |
|    *Plaintiff* | § | |
| | § | |
| V. | § | DENTON COUNTY, TEXAS |
| | § | |
| THE CINCINNATI INSURANCE | § | |
| COMPANY and JOEL SHANE | § | |
| HUDSON | § | |
|    *Defendants* | § | \_\_\_\_\_ JUDICIAL DISTRICT |

# DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, THE CINCINNATI INSURANCE COMPANY and JOEL SHANE HUDSON, Defendants in the above entitled and numbered cause and file this, their Original Answer to Plaintiff's Original Petition and respectfully show the Court as follows:

## I. GENERAL DENIAL

1. Subject to such stipulations and/or admissions that may hereinafter be made, Defendants enter this general denial pursuant to Rule 92 of the Texas Rules of Civil Procedure. Defendants generally deny all the allegations in the Plaintiff's live petition and demand strict proof thereof as required by the laws of the State of Texas.

## II. RIGHT TO AMEND OR SUPPLEMENT

2. Defendants reserve the right to amend their answer and defenses herein as such become available.

## III. PRAYER

WHEREFORE, PREMISES CONSIDERED, DEFENDANTS, respectfully ask the Court that the relief prayed for in Plaintiff's Original Petition in the above-styled and numbered cause be denied, that Plaintiff take nothing herein, and that Defendants go hence without delay, with recovery

of their costs and attorneys' fees, and with such other and further relief, both general and special, at law in equity, to which they may show themselves justly entitled.

                            Respectfully submitted,

**EGGLESTON & BRISCOE, LLP**
333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100 – Telephone
(713) 951-9920 – Facsimile

By: /s/ *W. Montgomery Briscoe*
     W. Montgomery Briscoe
     State Bar No. 03014500
     wmb@egglestonbriscoe.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Defendants' Original Answer has been served on the following counsel of record via any method that is in compliance with the Texas Rules of Civil Procedure on this the 8th day of July 2016:

Jeffrey L. Raizner
Andrew P. Slania
**RAIZNER SLANIA LLP**
2402 Dunlavy Street
Houston, Texas 77006
*Facsimile (713) 554-9098*

By: /s/ *W. Montgomery Briscoe*
     W. Montgomery Briscoe